Mark M. Makhail
Cynthia S. Betz
**McCarter & English, LLP**
4 Gateway Center
Newark, NJ 07102
973-622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

Brett J. Williamson (*pro hac vice* forthcoming)
James Yi Li (*pro hac vice* forthcoming)
Joanne (Gyuhyun) Bae (*pro hac vice* forthcoming)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
bwilliamson@omm.com
jli@omm.com
jbae@omm.com

Robert F. Shaffer (*pro hac vice* forthcoming)
Connie P. Lee (*pro hac vice* forthcoming)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
rshaffer@omm.com
clee@omm.com

*Attorneys for Plaintiffs PH Health Limited and Par Health USA, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PH HEALTH LIMITED and PAR HEALTH USA, LLC,<br><br>Plaintiffs,<br>v.<br><br>STERISCIENCE PTE. LTD.,<br><br>Defendant. | Civil Action No.: |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiffs PH Health Limited ("PHL") and Par Health USA, LLC ("PH USA")

(collectively, “Plaintiffs”) bring this action for patent infringement against Steriscience Pte. Ltd. (“Steriscience” or “Defendant”).

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271. This action relates to Abbreviated New Drug Application (“ANDA”) No. 218918, filed by and for the benefit of Defendant with the United States Food and Drug Administration (“FDA”). Through ANDA No. 218918, Defendant seeks approval to market generic versions of Adrenalin® (epinephrine) in pre-filled syringes (the “Proposed ANDA Product”), prior to the expiration of U.S. Patent Nos. 9,119,876 (the “’876 patent”), 9,295,657 (the “’657 patent”), 12,280,024 (the “’024 patent”), and 11,337,938 (the “’938 patent”).

## THE PARTIES

2. Plaintiff PHL is an Irish company with offices located at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, D04 H9P8, Ireland.

3. Plaintiff PH USA is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355.

4. On information and belief, Defendant Steriscience is a corporation organized and existing under the laws of Singapore and having a place of business located at 36, Robinson Road, #13-06, City House, Singapore, 068877.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of the submission of Defendant's ANDA No. 218918 to the FDA.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

7. This Court has personal jurisdiction over Defendant because, *inter alia*, it has maintained continuous and systematic contacts with this District and availed itself of the privilege of doing business in this District. On information and belief, Defendant has acted: (1) to file Defendant's ANDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product in the United States, including in this District; (2) regularly and continuously transacted business within this District, including by selling pharmaceutical products in the United States, including in this District either on its own or through its affiliates; and (3) derived substantial revenue from the sale of those products in the United States, including in this District.

8. On information and belief, if Defendant's ANDA is approved, the Proposed ANDA Product charged with infringing the Patents-in-Suit will be marketed, distributed, offered for sale, and/or sold in this District, prescribed by physicians practicing in this District, and/or used by patients in this District, all of which would have a substantial effect on this District.

9. This Court also has personal jurisdiction over Defendant because it has affirmatively availed itself of the jurisdiction of this Court by being sued in this District without challenging personal jurisdiction. *See, e.g., Fresenius Kabi USA, LLC v. Steriscience Pte. Ltd*,

C.A. No. 22-01810 (D.N.J.); *American Regent, Inc. v. Steriscience Pte. Ltd*, C.A. No. 24-7809 (D.N.J).

10. In the alternative, this Court has personal jurisdiction over Defendant because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are satisfied because (1) the claim arises under federal law, (2) the defendant is not subject to general jurisdiction in any state's courts, and (3) exercising jurisdiction is consistent with the U.S. Constitution and laws.

11. For the reasons set forth above, and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

12. Venue is proper in this District for Defendant pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because, *inter alia*, Defendant is a foreign company not residing in any United States judicial district and may be sued in any judicial district in the United States.

## THE PATENTS-IN-SUIT

13. The '876 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office on September 1, 2015. A true and correct copy of the '876 Patent is attached as Exhibit A. The '876 Patent is assigned to PHL.

14. The '876 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on January 14, 2016.

15. The '657 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office on March 29, 2016. A true and correct copy of the '657 Patent is attached as Exhibit B. The '657 Patent is assigned to PHL.

16. The '657 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on April 12, 2016.

17. The ’024 Patent, titled “Epinephrine formulations,” was duly and legally issued by the United States Patent and Trademark Office on April 22, 2025. A true and correct copy of the ’024 Patent is attached as Exhibit C. The ’024 Patent is assigned to PHL.

18. The ’024 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on April 25, 2025.

19. The ’938 Patent, titled “Epinephrine formulations,” was duly and legally issued by the United States Patent and Trademark Office on May 24, 2022. A true and correct copy of the ’938 Patent is attached as Exhibit D. The ’938 Patent is assigned to PHL.

## FACTUAL BACKGROUND

### Adrenalin® (epinephrine)

20. PHL is the holder of NDA No. 204200 for Adrenalin® (epinephrine) in 1 mg/mL single-dose vials (“Adrenalin® vials”).

21. Adrenalin® vials were the first FDA-approved epinephrine injection product for use in a clinical setting available in the United States. Adrenalin® vials are indicated for the emergency treatment of allergic reactions (Type 1), including anaphylaxis, and to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock.

22. Epinephrine is involved in various regulatory processes within the body, including regulation of heartbeat, blood pressure, airway resistance, and energy metabolism.

23. PH USA sells Adrenalin® vials.

### Defendant’s ANDA

24. In a letter dated July 16, 2026 (the “Notice Letter”), Defendant stated that it had sought FDA approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product prior to the expiration of the ’876, ’657, and ’024 Patents. The Notice Letter further stated that Defendant’s ANDA contained a certification pursuant to 21 U.S.C.

§ 355(b)(2)(A)(iv) (a "Paragraph IV Certification") that the '876, '657, and '024 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product.

25. Defendant was aware of the Patents-in-Suit when it submitted Defendant's ANDA with a Paragraph IV Certification.

26. On information and belief, Defendant's ANDA refers to and relies upon the NDA for Adrenalin® (epinephrine) and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed ANDA Product and Adrenalin® (epinephrine). *See* 21 U.S.C. § 355(b)(2).

27. On information and belief, Defendant's Proposed ANDA Product label will instruct healthcare providers to prescribe its Proposed ANDA Product in the manner set forth in the label.

28. On information and belief, the FDA has not yet approved Defendant's ANDA.

29. Plaintiffs commenced this action within 45 days of receipt of the Notice Letter.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,119,876**

30. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–29 of this Complaint.

31. On information and belief, the Proposed ANDA Product infringes one or more claims of the '876 patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed ANDA Product of epinephrine as covered by one or more of the claims of the '876 Patent.

32. Defendant's submission of ANDA No. 218918 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or

import the Proposed ANDA Product before the expiration of the ’876 patent constitutes infringement of the ’876 patent under 35 U.S.C. § 271(e)(2).

33. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 218918 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

34. On information and belief, upon FDA approval of ANDA No. 218918, Defendant will infringe the ’876 patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

35. On information and belief, Defendant had knowledge of the ’876 patent when it submitted ANDA No. 218918 to the FDA, Defendant knew or should have known that it will induce or contribute to another’s direct infringement of the ’876 patent, and Defendant acted with the specific intent to induce or contribute to another’s direct infringement of the ’876 patent.

36. In the Notice Letter, Defendant does not dispute that the Proposed ANDA Product infringes one or more claims of the ’876 patent.

37. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,295,657

38. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–37 of this Complaint.

39. On information and belief, the Proposed ANDA Product infringes one or more claims of the ’657 patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed ANDA Product of epinephrine as covered by one or more of the claims of the ’657 Patent.

40. Defendant’s submission of ANDA No. 218918 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the ’657 patent constitutes infringement of the ’657 patent under 35 U.S.C. § 271(e)(2).

41. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 218918 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

42. On information and belief, upon FDA approval of ANDA No. 218918, Defendant will infringe the ’657 patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

43. On information and belief, Defendant had knowledge of the ’657 patent when it submitted ANDA No. 218918 to the FDA, Defendant knew or should have known that it will induce or contribute to another’s direct infringement of the ’657 patent, and Defendant acted with the specific intent to induce or contribute to another’s direct infringement of the ’657 patent.

44. In the Notice Letter, Defendant does not dispute that the Proposed ANDA Product infringes one or more claims of the ’657 patent.

45. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,280,024**

46. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–45 of this Complaint.

47. On information and belief, the Proposed ANDA Product infringes one or more claims of the ’024 patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed ANDA Product of epinephrine as covered by one or more of the claims of the ’024 patent.

48. Defendant’s submission of ANDA No. 218918 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the ’024 patent constitutes infringement of the ’024 patent under 35 U.S.C. § 271(e)(2).

49. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 218918 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

50. On information and belief, upon FDA approval of ANDA No. 218918, Defendant will infringe the ’024 patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

51. On information and belief, Defendant had knowledge of the ’024 patent when it submitted ANDA No. 218918 to the FDA, Defendant knew or should have known that it will induce or contribute to another’s direct infringement of the ’024 patent, and Defendant acted with the specific intent to induce or contribute to another’s direct infringement of the ’024 patent.

52. In the Notice Letter, Defendant does not dispute that the Proposed ANDA Product infringes one or more claims of the ’024 patent.

53. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,337,938**

54. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–53 of this Complaint.

55. Defendant did not submit a Paragraph IV Certification for the ’938 patent, but this does not preclude Plaintiffs from commencing suit. *See Vanda Pharms. Inc. v. W.-Ward Pharms. Int’l Ltd.*, 887 F.3d 1117, 1125 (Fed. Cir. 2018).

56. On information and belief, the Proposed ANDA Product infringes one or more claims of the ’938 patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed ANDA Product of epinephrine as covered by one or more of the claims of the ’938 patent.

57. Defendant’s submission of ANDA No. 218918 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the ’938 patent constitutes infringement of the ’938 patent under 35 U.S.C. § 271(e)(2).

58. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 218918 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

59. On information and belief, upon FDA approval of ANDA No. 218918, Defendant will infringe the ’938 patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

60. On information and belief, Defendant had knowledge of the ’938 patent when it submitted ANDA No. 218918 to the FDA, Defendant knew or should have known that it will induce or contribute to another’s direct infringement of the ’938 patent, and Defendant acted with the specific intent to induce or contribute to another’s direct infringement of the ’938 patent.

61. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a) Judgment that Defendant’s submission of Defendant’s ANDA to the FDA was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2);

b) Judgment that Defendant’s making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the Patents-in-Suit, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more claims of the Patents-in-Suit;

c) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Defendant's ANDA shall be a date that is not earlier than the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

d) An Order permanently enjoining Defendant, Defendant's affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, or importing into the United States the Proposed ANDA Product until after the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

e) A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

f) An award of Plaintiffs' reasonable costs and expenses in this action; and

g) Such further and other relief as this Court deems proper and just.

DATED: August 26, 2026

By: /s/ *Mark M. Makhail*

Mark M. Makhail
Cynthia S. Betz
**McCarter & English, LLP**
4 Gateway Center
Newark, NJ 07102
973-622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

OF COUNSEL:

Brett J. Williamson (*pro hac vice forthcoming*)
James Yi Li (*pro hac vice forthcoming*)
Joanne (Gyuhyun) Bae (*pro hac vice forthcoming*)
**O'MELVENY & MYERS LLP**

1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
bwilliamson@omm.com
jli@omm.com
jbae@omm.com

Robert F. Shaffer (*pro hac vice forthcoming*)
Connie P. Lee (*pro hac vice forthcoming*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
rshaffer@omm.com
clee@omm.com

*Attorneys for Plaintiffs PH Health Limited and PAR Health USA, LLC*

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

United States Patent Nos. 9,119,876 ("the '876 Patent"); 9,295,657 ("the '657 Patent"); 12,280,024 ("the '024 Patent"); and 11,337,938 ("the '938 Patent") were the subject of now-closed proceedings before this Court including the following actions: *ENDO PAR INNOVATION COMPANY, LLC et al v. DEVA HOLDING A.S.*, Civil Action No.: 23-21684-CPO-SAK; and *PAR PHARMACEUTICAL, INC. et al. v. LUITPOLD PHARMACEUTICALS, INC. et al.*, Civil Action No.: 16-2290-WHW-CLW. The Defendants in this matter were not involved in those cases.

The '876, '657, '024 and '938 Patents were also the subject of the now-closed proceedings pending before the District of Delaware, the Middle District of Florida, and the Eastern District of New York including the following actions: *PH HEALTH LIMITED V. ARS PHARMACEUTICALS OPERATIONS, INC.*, Civil Action No.: 26-184 (D. Del.); *ENDO OPERATIONS LIMITED V. FK FRESENIUS KABI USA, LLC*, Civil Action No.: 24-1065 (D. Del.); *ENDO PAR INNOVATION COMPANY, LLC et al. V. BPI LABS, LLC et al.*, Civil Action No.: 23-1953 (M.D. Fla.); *PAR PHARMACEUTICAL, INC. et al. V. HOSPIRA, INC.*, Civil Action No.: 17-00944 (D. Del.); *PAR PHARMACEUTICAL, INC. et al. V. LUITPOLD PHARMACEUTICALS, INC. et al.*, Civil Action No.: 16-1999 (E.D.N.Y.). The Defendants in this matter were not involved in those cases either.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2026

/s/ *Mark M. Makhail*
Mark M. Makhail